UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

BRUCE HENSON,

                         Plaintiff,

                                                                      9:13-CV-590
                                                                       (GTS/TWD)

GAGNON, Sergeant, Upstate Corr. Facility;
E. DuFRANE, Corr. Officer, Upstate Corr.
Facility; D. ROCK, Superintendent, Upstate
Corr. Facility; and HOUGE, Civilian, Hearing
Officer, Upstate Corr. Facility;

                        Defendants.
_____

APPEARANCES:                                                  OF COUNSEL:

BRUCE HENSON, 09-A-1436
  Plaintiff, *Pro Se*
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN                     MELISSA A. LATINO, ESQ.
Attorney General for the State of New York       Assistant Attorney General
  Counsel for Defendants
The Capitol
Albany, New York 12224

GLENN T. SUDDABY, Chief United States District Judge

## **DECISION and ORDER**

      Currently before the Court, in this *pro se* prisoner civil rights action filed by Bruce

Henson ("Plaintiff") against the four above-captioned employees of the New York State

Department of Corrections and Community Supervision ("Defendants") pursuant to 42 U.S.C. §

1983, are (1) Defendants' motion for summary judgment, and (2) United States Magistrate Judge

Thérèse Wiley Dancks' Report-Recommendation recommending that Defendants' motion be

granted. (Dkt. Nos. 40, 50.) None of the parties have filed objections to the Report-Recommendation, and the deadline by which to do so has expired. (*See generally* Docket Sheet.) After carefully reviewing the relevant papers herein, including Magistrate Judge Dancks' thorough Report-Recommendation, the Court can find no clear-error in the Report-Recommendation.[1] Magistrate Judge Dancks employed the proper standards, accurately recited the facts, and reasonably applied the law to those facts. As a result, the Report-Recommendation is accepted and adopted in its entirety for the reasons set forth therein, and Defendant's motion is granted. To those reasons, the Court would add only that Plaintiff was *twice* provided the requisite Local Rule 56.2 notice. (Dkt. No. 40 at 4; Dkt. No. 42, at 2.)

**ACCORDINGLY**, it is

**ORDERED** that Magistrate Judge Dancks' Report-Recommendation (Dkt. No. 50) is **ACCEPTED** and **ADOPTED** in its entirety; and it is further

**ORDERED** that Defendants' motion for summary judgment (Dkt. No. 40) is **GRANTED**; and it is further

**ORDERED** that, as the Court has adopted the Report-Recommendation, Plaintiff's supervisory claims against Defendant Rock are **DISMISSED**; and it is further

---

[1] When no objection is made to a report-recommendation, the Court subjects that report-recommendation to only a clear error review. Fed. R. Civ. P. 72(b), Advisory Committee Notes: 1983 Addition. When performing such a "clear error" review, "the court need only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." *Id.*; *see also Batista v. Walker*, 94-CV-2826, 1995 WL 453299, at *1 (S.D.N.Y. July 31, 1995) (Sotomayor, J.) ("I am permitted to adopt those sections of [a magistrate judge's] report to which no specific objection is made, so long as those sections are not facially erroneous.") (internal quotation marks omitted).

**ORDERED** that Plaintiff's Complaint (Dkt. NO. 1) is **<u>DISMISSED</u>** in its entirety and the Clerk of Court shall enter judgment for Defendants and close this action.

Dated: January 15, 2016
      Syracuse, New York

_____
HON. GLENN T. SUDDABY
Chief United States District Judge